■ In the Matter of the Estate of JAMES LORRE, Deceased. LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, et al., Appellants; ROBERT BERLEUR et al., Respondents.— In a proceeding pursuant to SCPA 2222 the Attorney-General and the Comptroller of the State of New York appeal from a decree of the Surrogate's Court, Kings County, dated April 8, 1971, which, after a hearing upon a reference, directed the State Comptroller to pay the proceeds of the estate to petitioner, after deducting therefrom the Comptroller's charges and making certain specified payments as fees of the guardian ad litem and attorney for the administrator of the estate. Decree reversed, on the law and the facts, and new hearing granted, in the interests of justice, with costs to abide the event. The decedent died intestate in 1948. Letters of administration were issued to the Kings County Public Administrator. After an heirship hearing, at which the special guardian reported on his efforts to locate distributees, the Surrogate issued a decree settling the Public Administrator's account, adjudging that the proof submitted was insufficient

upon which to base a determination of the persons entitled to distribution of the estate and directing that the estate funds be deposited with the New York City Treasurer for the benefit of unknown distributees. The money was subsequently deposited with the State Comptroller. In 1970, petitioner, allegedly the decedent's paternal cousin, once removed, brought this proceeding to obtain the moneys held by the Comptroller, on the ground that he is the sole distributee of the decedent. After a hearing, the Surrogate determined that petitioner had successfully established his claim. In our opinion, the determination of the Surrogate was erroneous for two reasons. Firstly, the proof submitted by petitioner consisted for the most part of copies of foreign records and documents. However, the proof of these documents and records was not made in accordance with CPLR 4542 in that they contained no attestation and no final certification. Secondly, the proof presented by petitioner concededly was not adequate by itself to establish his claim, but necessarily relied upon the evidence ascertained at the original heirship proceeding to establish its relevance. For example, his proof contained nothing with respect to the decedent's maternal lineage, petitioner's attorney stating at the hearing that he had no proof other than that which had been previously offered at the heirship hearing. However, neither the transcript of the prior hearing nor any of the reports submitted therein were offered into evidence in the present proceeding. Although the combination of proof offered at the present proceeding and proof offered at the heirship hearing may very well have established petitioner's claim, there is no way that this can be determined on the present state of the record. A new hearing should be held, at which time petitioner should present all elements of his claim. Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.