■ In the Matter of the Estate of James Lorre, Deceased. Robert Berleur et al., Respondents; Louis J. Lefkowitz, as Attorney-General of the State of New York, et al., Appellants.—In a proceeding pursuant to SCPA 2222, the Attorney-General and the Comptroller of the State of New York appeal from a decree of the Surrogate's Court, Kings County, dated February 20, 1974, which, after a hearing, directed the State Comptroller to pay the proceeds of the estate to petitioner, after deducting therefrom the Comptroller's charges and after making certain specified payments as fees of the guardian ad litem, of the attorney for the administrator of the estate and of the attorney for the Public Administrator. Decree affirmed, without costs or disbursements. Pursuant to this court's order dated May 8, 1972 *(Matter of Lorre,* 39 AD2d 731), a hearing was held at which petitioner, in support of his claim to be the sole distributee of the decedent, introduced, *inter alia,* a copy of the original 1953 heirship proceeding, the report of the then special guardian and copies of foreign records and documents made in accordance with CPLR 4542. Upon the evidence presented, the Surrogate properly granted the petition. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of Frank Otten, III, Respondent, v Zoning Board of Appeals of the Town of Huntington et al., Appellants, and Lawrence E. Goldsmith et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* (1) to review a determination of the appellant zoning board of appeals, dated June 20, 1974 and made after a hearing, which denied petitioner's application for a special use permit and (2) to compel the zoning board to issue the said permit, the appeal is from a judgment of the Supreme Court, Suffolk County, entered August 5, 1975, which (1) annulled the determination and (2) directed the zoning board to issue the permit as requested, subject to any reasonable conditions it might deem appropriate. Judgment affirmed, without costs or disbursements. Under the facts herein, the Special Term was warranted in reaching the conclusion that it did. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.